**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| WILLIE BROOKS,<br><br>*Plaintiff*,<br><br>v.<br><br>SAINT LOUIS COUNTY JAIL, et al.,<br><br>*Defendants*. | ) | No. 4:26-cv-01765-JMD |

**MEMORANDUM AND ORDER**

*Pro se* inmate Willie Brooks brings a civil rights claim under 42 U.S.C. § 1983 against the St. Louis County Jail and an officer with the last name of "Fredrickson" for alleged acts by Fredrickson in his "[o]fficial capacity." ECF 1 at 2. Brooks also moves to proceed *in forma pauperis*, ECF 2, alleging he has "$0" to his name. The Court grants Brooks' motion to proceed *in forma pauperis*. Since the motion to proceed *in forma pauperis* has been granted, the Court must examine Brooks' complaint pre-service to screen for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). The Court accepts Brooks' version of the facts as true and liberally construes his complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Even under this deferential standard, Brooks' § 1983 claim fails as a matter of law. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999). Accordingly, a private individual may not sue a State or its officials in their official capacity under § 1983. The Court concludes that Brook's § 1983 claim, which is pleaded only against Officer Fredrickson for alleged acts undertaken in Fredrickson's "[o]fficial capacity," ECF 1 at 2, is barred and therefore must be dismissed.

**IT IS HEREBY ORDERED** that Brooks' case is **DISMISSED**, with prejudice.

Dated this 21st day of October, 2026

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI